UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

           Plaintiff,                          Case No. 2:20-CR-20599

v.                                              Hon. Matthew F. Leitman

JOHN ANGELO, *et al.*,

           Defendants.

_____/

## NONPARTY AUTO ACCIDENT ATTORNEYS, PLLC'S MOTION TO QUASH SUBPOENA

NOW COMES nonparty Auto Accident Attorneys, PLLC ("Law Firm") and moves the Court as follows:

1. On 9-7-2023, the Government emailed counsel for then-Defendant Brent Sitto ("Sitto") asking if they would accept service of a trial subpoena (**Exhibit 1**) as to the Law Firm owned by Sitto and Defendant Glenn Franklin ("Franklin").  Sitto's counsel accepted service.

2. The subpoena seeks documents and testimony from the Law Firm claiming relevance to the 10-17-2023 trial on Count 1.  Despite issuing a trial subpoena, the Government also asked the Law Firm if it could return the documents in advance of trial.  *See* **Exhibit 1** (stating "[p]lease deliver the Documents . . . by September 22, 2023").

3. Contrary to E.D. Mich. LCrR 17.1(b), the Government did not seek prior approval from the Court for a subpoena that seeks documents in advance of trial.

4. The burden of proof is on the Government to show the subpoena meets all four requirements set forth in *United States v. Nixon*, 418 U.S. 683 (1974). *See United States v. Hughes*, 895 F.2d 1135, 1146 (6th Cir. 1990):

> (1) the documents are evidentiary and relevant; (2) they are not otherwise procurable, with due diligence, in advance of trial; (3) the party cannot properly prepare for trial without such production and inspection in advance of trial; and (4) the application was made in good faith and is not a fishing expedition.

5. "It was not intended by Rule 16 to give a limited right of discovery, and then by Rule 17 to give a right of discovery in the broadest terms." *Bowman Dairy Co. v. United States*, 341 U.S. 214, 219 (1951).

6. The subpoena seeks discovery and is a fishing expedition and/or a last minute attempt to harass Sitto and Franklin and divert their attention from necessary preparation in the final weeks before trial. *See* **Exhibit 1** (requesting 10 years of documents from 2014 to the present as to myriad records related to 10 separate business entities).

7. The Court may quash a subpoena if compliance would be unreasonable or oppressive. Fed. R. Crim. P. 17(c)(2).

8.  In addition to denying any request for early production of records, the Court
    should quash the trial subpoena and any request that a custodian of the Law
    Firm be appointed as the request is oppressive at this late stage of trial
    preparation and appears to be a pretext by the Government to attempt to get
    either Sitto or Franklin to take the witness stand in the Government's case-
    in-chief, in violation of their Fifth Amendment rights, or to divert them from
    trial preparation.  Thus, the request is both unreasonable and/or oppressive.

9.  In addition to quashing the subpoena pursuant to Fed. R. Crim. P. 17(c)(2),
    the Court can exercise reasonable control over the examination of witnesses
    and presentation of evidence at trial to "avoid wasting time" and to "protect
    witnesses from harassment or undue embarrassment."  Fed. R. Evid. 611(a).
    The Court should prevent the Government from calling a custodian of the
    Law Firm at trial as it would waste court time.  The Court should protect
    witnesses from harassment or undue embarrassment.  The Law Firm is well
    aware of the dictates of *Braswell v. United States,* 487 U.S. 99 (1988) and
    the fact that corporations and collective entities do not have a Fifth
    Amendment right.  However, in this case, given the nature and scope of the
    documents requested, the only individuals who could act as effective record
    custodians would be either Sitto or Franklin and their Fifth Amendment
    rights are directly implicated.  To the extent that Sitto or Franklin is required

to act as a custodian in this case, the Court must "protect witnesses from harassment or undue embarrassment," and ensure that the Fifth Amendment privilege in the act of production is not in any way implicated, nor, if production is required, that the Government can make any direct or indirect use of the act of producing any such documents. *United States v. Hubbell,* 530 U.S. 27 (2000). Here, the testimonial aspect of compliance is implicated given the broad scope of documents requested which would require a custodian to make use of "the contents of" their minds in identifying the document responsive to the request for production.

10. Testimony from the Law Firm's custodian should be excluded because any probative value of having such custodian testify would be substantially outweighed by the dangers of unfair prejudice and wasting time. Fed. R. Evid. 403.

WHEREFORE, Auto Accident Attorneys, PLLC respectfully requests that this Court GRANT this motion and quash the subpoena issued to Auto Accident Attorneys, PLLC.

Respectfully submitted,

/s/ Lisa Dwyer_____
LISA DWYER (P 47961)
ATTORNEY FOR AUTO ACCIDENT
ATTORNEYS, PLLC

Dated: October 13, 2023

{H1028087.5}                                                         4

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

             Plaintiff,                       Case No. 2:20-CR-20599

v.                                     Hon. Matthew F. Leitman

JOHN ANGELO, *et al.*,

             Defendants.

_____/

**<u>BRIEF IN SUPPORT OF</u>**
**<u>NONPARTY AUTO ACCIDENT ATTORNEYS, PLLC'S</u>**
**<u>MOTION TO QUASH SUBPOENA</u>**

**ISSUES PRESENTED**

I.    Should the Court quash the subpoena served by the Government on Auto Accident Attorneys, PLLC on 9-7-2023?

      a.  Nonparty Auto Accident Attorneys, PLLC answers "Yes."
      b.  The United States answers "No."

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

### Court Rules

Fed. R. Crim P. 17

Fed. R. Evid. 403

Fed. R. Evid. 611(a)

E.D. Mich. LCrR 17.1(b)

### Caselaw

*Bowman Dairy Co. v. United States*, 341 U.S. 214 (1951)

*In re Sittenfeld*, 49 F.4th 1061 (6th Cir. 2022)

*Stern v. United States Dist. Court*, 214 F.3d 4 (1st Cir. 2000)

*United States v. Hubbell,* 530 U.S. 27 (2000)

*United States v. Hughes*, 895 F.2d 1135 (6th Cir. 1990)

*United States v. Llanez-Garcia*, 735 F.3d 483 (6th Cir. 2013)

*United States v. Nixon*, 418 U.S. 683 (1974)

## INTRODUCTION

The Government's subpoena on nonparty Auto Accident Attorneys, PLLC should be quashed for any or all of the following reasons.  First, it does not appear that the Government complied with LCrR 17.1(b) as it relates to prior approval from the Court for early return of documents.  Second, the Government cannot meet its burden to show that the subpoena meets all four requirements set forth in *United States v. Nixon*, 418 U.S. 683 (1974) for production under Fed. R. Crim. P. 17.  Third, compliance with the subpoena would be unreasonable and/or oppressive as set forth in Fed. R. Crim. P. 17(c)(2) and implicates Fifth Amendment rights.  Fourth, the Court can exercise reasonable control over the examination of witnesses and presentation of evidence to "avoid wasting time" and to "protect witnesses from harassment or undue embarrassment" at trial.  Fed. R. Evid. 611(a).  Fifth, any probative value of having a custodian testify would be substantially outweighed by the dangers of unfair prejudice and wasting time.  Fed. R. Evid. 403.

## BACKGROUND

Defendant Glenn Franklin ("Franklin") and Brent Sitto ("Sitto") are the sole owners of Auto Accident Attorneys, PLLC (the "Law Firm").  The Law Firm is identified in the Third Superseding Indictment (the operative "Indictment") at paragraph 26.  *See* ECF #441 at PgID.9104.  The Indictment also states:

> [F]rom at least on or about August 14, 2014, through on or about February 21, 2017, Defendants GLENN PHILLIP FRANKLIN, III, and BRENT FAROUK SITTO and others paid, or caused to be paid, funds, typically in the amount of $2,500 each week via check drawn on an Auto Accident Attorneys' bank account, to Defendant JOHN ANGELO and ANTHONY SERENO for providing access to Stolen Crash Reports, managing the solicitation of automobile crash victims living in Michigan for services, and causing automobile crash victims to be sent to Auto Accident Attorneys.

*See id.* at PgID.9116, ¶ 53.

The Government's investigation in this case began in the year 2013 and apparently continues to this day as evidenced by a slew of subpoenas duces tecum that have recently been issued on the eve of trial by the Government. *See, e.g.*, ECF #467 at PgID.9569. Three years ago, on 12-10-2020, the Government issued a grand jury subpoena to the Law Firm's accountant seeking all records related to the Law Firm from "January 1, 2014, to the present," as well as those for Franklin and Sitto individually, their spouses, and various other businesses. *See* ECF #227 at PgID.3347. Franklin and Sitto were indicted six days later by a different Flint grand jury than had issued the subpoena to the accountant. Nevertheless, on information and belief, the accountant complied with the subpoena and produced all the records requested.

Trial on Count 1 is set for 10-17-2023. The Government emailed Sitto's counsel on 9-7-2023 a request to accept service of a trial subpoena (**Exhibit 1**) on behalf of the Law Firm. At that time, Sitto was a defendant in the case. The

subpoena commanded appearance and the production of documents at the "Date and Time:  October 17, 2023," i.e., the trial date.  **Exhibit 1**.  However, in the "You must also bring with you" section below that (meaning bring with you on October 17, 2023), the Government added "[p]lease deliver the Documents . . . by September 22, 2023."  **Exhibit 1**.  Approximately one week after questions were raised by defense counsel as to the propriety of the subpoena, the Government filed a motion (ECF #467) seeking an early return date.  The Court denied the motion without prejudice.  *See* ECF #482.

The subpoena was issued before the *Enright* hearing which occurred on 9-18-2023.  On 10-3-2023, the Government filed a motion (ECF #485) to dismiss Sitto from the case.  The Court granted the motion on 10-6-2023.

## LAW

"Rule 16 is the primary means of discovery in criminal cases."  *United States v. Llanez-Garcia*, 735 F.3d 483, 493 (6th Cir. 2013).  "Rule 17(c) is not meant to provide an additional way to secure pretrial discovery."  *Id*. at 494 (citing *Bowman Dairy Co. v. United States*, 341 U.S. 214, 219 (1951)).  "**It was not intended by Rule 16 to give a limited right of discovery, and then by Rule 17 to give a right of discovery in the broadest terms.**"  *Bowman*, 341 U.S. at 219.

The task of supervising subpoenas is left to the sound discretion of the district court judge.  *Llanez-Garcia*, 735 F.3d at 500.  "While the Sixth Circuit has

not addressed whether counsel in a criminal case must obtain court approval before a Rule 17(c) subpoena may issue," *see id.* at 498, "requiring leave of court before an early-return pretrial subpoena can issue is at least arguably desirable." *See id.* at 499. Ultimately, "district courts—in whose sound discretion the Federal Rules appear to place this choice—decide the most effective means to manage this aspect of their criminal dockets." *Id.* at 498.

The Eastern District of Michigan, however, has a local rule which does require prior approval from the Court on application from the party seeking a subpoena for early return of documents. E.D. Mich. LCrR 17.1(b) states:

> A party seeking a subpoena for books, papers, documents, data, or other objects under Fed. R. Crim. P. 17(c) in advance of trial <u>must</u> seek prior approval from the court. An application for approval may be made *ex parte*. The subpoena must state that the requested items must be returned to the chambers of the assigned judge. (emphasis added).

The Comment to LCrR 17.1 cites *United States v. Nixon*, 418 U.S. 683, 698-99 (1974).[1] "In *Nixon*, the Supreme Court held that production pursuant to Rule 17(c) is appropriate where it is shown that: (1) the documents are evidentiary and relevant; (2) they are not otherwise procurable, with due diligence, in advance of trial; (3) the party cannot properly prepare for trial without such production and inspection in advance of trial; and (4) the application was made in good faith and is

---

[1]  *Nixon* was also cited in the Government's motion for an early return date. *See* ECF #467 at PgID.9570. The Government, without any factual discussion, merely asserted in conclusory fashion that it met the requirements of *Nixon*. It has failed to meet its burden as further discussed below.

not a fishing expedition. *Id.* at 699." *United States v. Hughes*, 895 F.2d 1135, 1146 (6th Cir. 1990).  *See also In re Sittenfeld*, 49 F.4th 1061, 1077 (6th Cir. 2022) (quoting *Hughes*, 895 F.2d at 1145-46) ("a subpoena duces tecum has additional requirements of 'relevance, admissibility [,] and specificity'").  A subpoena fails to meet the specificity requirement when the purpose of the "subpoena is to search for possible evidence," rather than "to acquire some admissible evidence."  *In re Sittenfeld*, 49 F.4th at 1077.  This is the case here.

The same general standard applies to subpoenaed production of documents at the time of trial.  *See, e.g., United States v. Hang*, 75 F.3d 1275, 1283-84 (8th Cir. 1996) (upholding denial of subpoena issuance during trial, applying the *Nixon* standard of relevance, admissibility, and specificity); *see also United States v. Noriega*, 764 F. Supp. 1480, 1492 n.11 (S.D. Fla. 1991) ("strict requirements of relevancy, specificity, and admissibility . . . remain applicable to trial subpoenas . . . . [T]he purpose of a trial subpoena is limited to obtaining admissible evidence relevant to specific offenses already identified").

"On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive."  Fed. R. Crim. P. 17(c)(2).  Although Rule 17(a), which governs subpoenas compelling the attendance of witnesses, "does not provide explicitly for quashes or modification, courts routinely have entertained motions seeking such relief and decided them by

reference to comparable principles." *Stern v. United States Dist. Court*, 214 F.3d 4, 17 (1st Cir. 2000). "Specifically, a subpoena ad testificandum survives scrutiny if the party serving it can show that the testimony sought is both relevant and material." *Id*. *See also United States v. North*, 713 F. Supp. 1448, 1448-50 (D.D.C. 1989) (quashing subpoena ad testificandum applying *Nixon* principles).

Fed. R. Evid. 611(a) also provides that a court can exercise reasonable control over the examination of witnesses and presentation of evidence at trial to "avoid wasting time" and to "protect witnesses from harassment or undue embarrassment." "Under Fed. R. Evid. 611(a), trial courts have 'substantial discretion' in managing their courtroom." *United States v. Fields*, 763 F.3d 443, 465 (6th Cir. 2014) (citing *United States v. Maddox*, 944 F.2d 1223, 1230 (6th Cir. 1991)).

## ARGUMENT

### i.  The Government did not comply with LCrR 17.1(b) as it relates to prior approval from the Court for early return of documents.

Here, the subpoena sought documents from the Law Firm in advance of trial. *See* **Exhibit 1** ("Please deliver the Documents . . . by September 22, 2023"). In violation of the local rule, the subpoena requests that the documents be delivered "to the Flint USAO" instead of to the chambers of Judge Matthew Leitman. *See* **Exhibit 1**. The Comment to LCrR 17.1 states, in part, "To facilitate court supervision of subpoenas directed to third parties, subpoenas issued under that rule

must specify that the items sought be returned to the court, <u>and not elsewhere</u>, such as a lawyer's office."  (emphasis added).  This leads the undersigned to believe that the subpoena was improperly issued directly by the Government and not issued with the prior approval of the Court.

   If the Government did not follow LCrR 17.1(b), the Court should quash the subpoena.  The issuance of a subpoena that commands (*see* **Exhibit 1**, "**YOU ARE COMMANDED** . . .") a witness to act, under the authority and seal of the Court, under penalty of contempt if disobeyed (*see* Fed. R. Crim. P. 17(g)), is not a trivial matter and should carry significantly more weight than other local rules (e.g., rules regarding the formatting of a brief).

**ii.    The subpoena is actually a discovery request and fails to meet the requirements set forth in *Nixon*.**

   It is the Government's burden to meet the *Nixon* requirements, not the Law Firm's burden to prove they did not.  The Government has not satisfied any of the four requirements of *Nixon*, let alone all four.

**a.  Evidentiary and relevant requirement.**

   The documents requested in the subpoena must be evidentiary and relevant. *Hughes*, 895 F.2d at 1146.  First, the Government's motion reveals that it has not identified any evidentiary item with specificity as the motion merely states "each entity is **<u>likely</u>** to possess response records or data that is relevant" to the 10-17-

2023 trial and that "the data is **likely** to result in evidence that will be used as an exhibit or corroborate witness testimony." ECF #467 at PgID.9570 (emphasis added). The Government's stated position is nothing more than "mere hope that the desired documents would produce favorable evidence," which is insufficient to support the (requested) subpoena. *See Hang*, 75 F.3d at 1284; *see also United States v. Peterson*, No. 20-20448, 2022 U.S. Dist. LEXIS 189070, at *6 (E.D. Mich. Oct. 17, 2022) (Cleland, J.) (**Exhibit 2**).

Turning to the actual subpoena, it requests documents[2] regarding the following 10 business entities:

1. 4 Health Management LLC
2. 411 Help
3. 4 Transport
4. Gravity Imaging LLC
5. Greater Lakes Ambulatory Surgical Center
6. J&A Consultants, Incorporated
7. NJC Marketing, LLC
8. Pacific Marketing & Advertising
9. Robin Street Consultants, LLC
10. Standard Care Inc./Standard Medicals Inc.

---

[2] "[A]ll business records, invoices sent/received, billing records, employment records, advertising agreements, marketing agreements, employment contracts, wages earned, hours worked, agency fees earned, shipping records, collection records, or any other business records pertaining to funds delivered to . . ." **Exhibit 1**. "The breadth of the categories of documents requested . . . underscores that these requests are not narrowly tailored to obtain specific documents but are designed to discover whether relevant documents exist." *United States v. Raheja*, No. 1:19-cr-559-4, 2022 U.S. Dist. LEXIS 129060, at *14-15 (N.D. Ohio July 20, 2022) (**Exhibit 3**).

*See* **Exhibit 1**.  Other than the general request for "marketing agreements"[3] as to

Robin Street Consultants, the information requested in the subpoena is not

evidentiary and relevant.  **Count 1 of the Indictment alleges a relationship**

**between the Law Firm and John Angelo and Anthony Sereno in which a**

**check was issued by the Law Firm to Robin Street Consultants weekly**.[4]  *See*

ECF #441 at PgID.9116; *see also id*. at PgID.9104 (Robin Street "jointly owned by

JOHN ANGELO and ANTHONY SERENO").  The Government has marked all

of the Law Firm checks to Robin Street Consultants as Government Exhibit

4012D.  **The Indictment does not allege any relationship or delivery of funds**

**to the other nine entities referenced in the subpoena**.

     Six of the other entities appear to be related to a separate prosecution

spearheaded by the same Government counsel as in this case.  *See* ECF #1 in Case

No. 4:22-cr-20188 (Greater Lakes (PgID.6), Gravity Imaging (PgID.7), 4

Transport (PgID.7), 411 Help (PgID.7-8), Pacific Marketing (PgID.23), 4 Health

Management (PgID.32-33).  The request for documents as to the businesses

referenced in Case No. 4:22-cr-20188 is not evidentiary and wholly irrelevant to

trial in Case No. 4:20-cr-20599.  Rather, it appears that at least one motive of the

---

[3]  As part of Sitto's Rule 16(b)(1)(A) disclosures, the Government was provided
with the Marketing Services Agreement between Robin Street Consultants and
Auto Accident Attorneys.

[4]  A person reading the Indictment might be led to believe that the Law Firm issued
checks to John Angelo and Anthony Sereno individually.  That never occurred.
All checks were issued to Robin Street Consultants.

Government in issuing the subpoena could be to obtain discovery in its other case. But, that violates the dictates of *Nixon*.  The overbreadth of the subpoena extending to another case having nothing to do with the trial on Count 1 is alone a sufficient basis to quash.

The subpoena also asks for records from "January 1, 2014, to the present." *See* **Exhibit 1**.  However, in the only paragraph of the Indictment that describes the Law Firm's involvement in the alleged scheme, the dates are noted as "August 14, 2014, through on or about February 21, 2017."  *See* ECF #441 at PgID.9116.  The subpoena requests documents for more than six years after the Law Firm's alleged involvement ceased; such a request is not evidentiary and relevant at trial in this case.  Again, the overbreadth of the subpoena alone provides a sufficient basis to quash.

To sum up, the subpoena lacks specificity.  The categories of documents requested are overbroad; the timeframe requested is overbroad; and the various entities' that documents were requested from is overbroad.  The Government's subpoena requests information outside the scope of the Indictment and the upcoming Count 1 trial.  Even in situations where a subpoena "is part good and part bad," it is not upon the person who is subpoenaed "to cull the good from the bad," but rather the "burden is on the court to see that the subpoena is good in its

entirety." *Bowman Dairy Co. v. United States*, 341 U.S. 214, 221 (1951).  Here, it
is not.  The Court should quash the subpoena.

### b. Whether the documents were otherwise procurable, with due diligence, in advance of trial requirement.

The Government has not identified with sufficient specificity what
evidentiary and relevant documents it seeks.  This makes it impossible for the
Court to even determine whether specific documents were otherwise procurable
and whether due diligence was employed to obtain such items.  Even if any other
documents are proven to be evidentiary and relevant, the same documents were
otherwise procurable for the last ten years prior to trial as the Government has
already procured a vast amount of information regarding the entities listed.

Upon information and belief, the Government has already subpoenaed, via
grand jury, the bank accounts of NJC Marketing, Robin Street Consultants, and
Standard Care/Standard Medical (the only entities requested that are arguably at
issue in Count 1).  The Government has also already procured documents from the
Law Firm's accountant as to all records from 2014 through 2020.[5]  Furthermore,
the Government has procured the checks from the Law Firm to Robin Street
Consultants as the checks referenced in paragraph 53 of the Indictment are marked

---

[5]  The accountant was served with a grand jury subpoena.  Furthermore, at a
hearing on 9-18-2023, the Court provided the defendants with information
concerning numerous grand jury investigations dating back to 2013.  There appear
to have been years of ample opportunities for the Government to procure
documents with the exercise of due diligence.

for trial as Government Exhibit 4012D. Lastly, as part of Sitto's Rule 16(b)(1)(A) disclosures, the Government has been provided with the Marketing Services Agreement between Robin Street Consultants and Auto Accident Attorneys.

### c. Whether the party cannot properly prepare for trial without such production and inspection in advance of trial requirement.

The original indictment in this case was returned on 12-16-2020. The Government has spent nearly three years preparing for trial since the initial indictment (putting aside all the time it prepared for and investigated prior to the return of the indictment), and has indicated it is ready for trial on numerous occasions. On 10-4-2022, the Government opposed a motion to adjourn trial. *See* ECF #175. On 2-13-23, the Government again opposed a motion to adjourn trial. *See* ECF #289. In opposing those two motions to adjourn trial, the Government was representing to the Court that it was prepared for trial for at least a year, if not longer. The Government has previously presented several proposed witness lists and a custodian for Auto Accident Attorneys was never listed on a Government witness list until its 9-29-2023 witness list[6] three weeks after this subpoena was served. Finally, the parties have had three extensive hearings regarding all of the

---

[6] The Government's 9-29-2023 witness list indicates that the Law Firm's custodian may be called "if needed" rather than the Government actually planning to call the custodian. This designation shows that, contrary to *Nixon*, the Government does not actually need the custodian in order to properly prepare for trial because the Government does not even know what evidentiary material it expects to get from the custodian.

exhibits the Government indicated it will be introducing at trial to attempt to prove the charged conspiracy to commit wire fraud.

The Government can properly prepare for trial, and has, without production of the information requested in its subpoena. Because this requirement has not been met by the Government, the Court should quash the subpoena for this reason alone.

### d. The good faith and absence of a fishing expedition requirement.

At the time the subpoena was issued, it was not made in a good faith attempt to obtain specific evidentiary documents for introduction at trial. Rather, it appears to be a fishing expedition and/or an attempt to harass and annoy Franklin and/or Sitto who own the Law Firm, thereby increasing their expenses and wasting valuable pretrial preparation time. Furthermore, the request for testimony from a custodian of the Law Firm may have been an attempt by the Government to get either Defendant Franklin or Sitto to take the witness stand in the Government's case-in-chief.

As evidence that this subpoena is a fishing expedition, take the Government's stated reasoning for its recent subpoenas. ECF #467 at PgID.9570 ("each entity is **likely** to possess response records or data that is relevant" to the 10-17-2023 trial and that "the data is **likely** to result in evidence that will be used as an exhibit or corroborate witness testimony") (emphasis added). This shows mere "hope or

speculation that something useful will turn up." *Peterson*, No. 20-20448, 2022

U.S. Dist. LEXIS 189070, at *6 (**Exhibit 2**).

The fact that the subpoena also requests information related to several entities

involved in a separate case, as well as for several years not even at issue at trial in

this case, further supports the belief that the Government is engaging in a fishing

expedition for evidence it currently lacks or for matters other than the Count 1 trial.

### iii.     Compliance with the subpoena would be unreasonable or oppressive as set forth in Fed. R. Crim. P. 17(c)(2).

The subpoena requests nearly ten years of documents from January 2014 to

the present, s*ee* **Exhibit 1**, and goes well beyond the timeframe noted in the

Indictment as to Auto Accident Attorneys' alleged involvement.  *See id*. at

PgID.9116, ¶ 53  ("August 14, 2014, through on or about February 21, 2017").

Requesting ten years of records, rather than just those noted in the indictment, is

unreasonable and oppressive on its face, and further evidences that the

Government is "fishing" for documents without regard for any purported relevance

for trial.  The last date of the Law Firm's alleged involvement in Count 1 is over

six years from when the subpoena was issued.  The fact that this subpoena was

issued six years after the last alleged involvement would also make it harder and

more time consuming to attempt to locate whether any responsive material exists,

and to produce same.

If responsive material was found, it would likely be duplicative of the information the Government has already subpoenaed from various banks, entities, and accountants.  Thus, it is unreasonable and oppressive to ask the Law Firm to spend hours on end searching for the existence of such broad categories of documents and information that, if it existed, would likely only be duplicative of information already in the Government's possession.

### iv.     Fed. R. Evid. 611(a) and/or 403 are additional bases to preclude the Government from calling the Law Firm's custodian as a witness.

The subpoena seeks document production and also witness testimony at trial. **Exhibit 1**.  Essentially, when the Government issued the subpoena it was hoping to force a custodian, who would likely be either Franklin or Sitto, to take the witness stand regarding the Law Firm's records.  If that were the case, the rules of evidence allow the Court to exercise reasonable control over the examination of witnesses and presentation of evidence to "avoid wasting time" and to "protect witnesses from harassment or undue embarrassment."  Fed. R. Evid. 611(a).  The Government's attempt to subpoena either Franklin or Sitto as the custodian of the Law Firm is a total waste of time given the Fifth Amendment and is merely harassment at the eleventh hour, at a time when pre-trial preparation time is at a premium.

Any probative value from having the Law Firm's custodian testify would be substantially outweighed by the dangers of unfair prejudice and wasting time.  Fed. R. Evid. 403.  Based on the facts and procedural history of this case, and the timing of the subpoena, the evidentiary necessity of calling a custodian of the Law Firm is completely lacking and is a waste of time.  Furthermore, none of the Government's several witness lists prior to issuance of the subpoena ever noted that it intended on calling the custodian of Auto Accident Attorneys, PLLC.

## CONCLUSION

Based on the Indictment, the only item in the subpoena that could be evidentiary and relevant in this case was the marketing agreement the Law Firm had with Robin Street Consultants.  That has been provided to the Government. The other broadly worded requests for documents are not evidentiary and relevant, but rather a fishing expedition that would be unreasonable and oppressive to the Law Firm.  The request for testimony from a custodian is also unreasonable and oppressive; further, it would be a waste of time and would also result in harassment, undue embarrassment, and/or unfair prejudice.  For all of the reasons stated in this brief, the subpoena issued by the Government represents an impermissible use of the Court's subpoena power as a discovery request in this criminal case and it should be quashed.

WHEREFORE Auto Accident Attorneys, PLLC respectfully requests that this Court GRANT this motion and quash the subpoena issued to Auto Accident Attorneys, PLLC.

Respectfully submitted,

/s/ Lisa Dwyer_____
LISA DWYER (P 47961)
ATTORNEY FOR AUTO ACCIDENT
ATTORNEYS, PLLC

Dated:  October 13, 2023

## CERTIFICATE OF SERVICE

I hereby certify that on October 13, 2023, I electronically filed the foregoing Nonparty Auto Accident Attorneys, PLLC's Motion to Quash Subpoena, Brief in Support, and Certificate of Service with the clerk of the court using the ECF system which will send notification of such filing to the ECF participants.

Respectfully submitted,

/s/ Lisa Dwyer_____
LISA DWYER

{H1028087.5}

18