# United States v. Peterson

United States District Court for the Eastern District of Michigan, Southern Division

October 17, 2022, Decided; October 17, 2022, Filed

Case No. 20-20448

**Reporter**
2022 U.S. Dist. LEXIS 189070 *; 2022 WL 9914428

UNITED STATES OF AMERICA, Plaintiff, v. D-1 DUANE PETERSON, Defendant.

**Prior History:** *United States v. Peterson, 2022 U.S. Dist. LEXIS 33105, 2022 WL 570428 ( E.D. Mich., Feb. 24, 2022)*

**Counsel:** [*1] For Duane Peterson, also known as Juan, Defendant: Alona Sharon, LEAD ATTORNEY, Alona Sharon, P.C., Southfield, MI; Ryan H. Machasic, LEAD ATTORNEY, Ryan H. Machasic, PC, Detroit, MI.

For United States of America, Plaintiff: Eaton Brown, LEAD ATTORNEY, U.S. Attorney's Office, Detroit, MI; Gjon Juncaj, USAO, Lrm Bass, Shannon, Detroit, MI; Margaret M Smith, United States Attorney's Office, Detroit, MI.

**Judges:** ROBERT H. CLELAND, UNITED STATES DISTRICT JUDGE.

**Opinion by:** ROBERT H. CLELAND

# Opinion

**OPINION AND ORDER GRANTING GOVERNMENT'S MOTION TO EMPANEL A SEMI-ANONYMOUS JURY, DENYING DEFENDANT'S MOTION FOR *RULE 17* SUBPOENA, AND DENYING DEFENDANT'S MOTION FOR ADJOURNMENT OF TRIAL DATE**

Pending before the court are "Government's Motion to Empanel a Semi-Anonymous Jury" (ECF No. 307), "Defendant's Motion for Adjournment of Trial Date" (ECF No.313), and "Defendant Duane Peterson's Emergency Motion for *Rule 17* Subpoena" (ECF No. 316). The motions were fully briefed, and the court held a hearing on October 13, 2022. *E.D. Mich. L.R. 7.1(f)(2)*. For the reasons stated the, below court will grant the Government's motion to empanel a semi-anonymous jury and deny Defendant's motions for *Rule 17* subpoena issuance and continuation of trial date.

## I. DISCUSSION

### A. Government's Motion [*2] to Empanel a Semi-Anonymous Jury

A district court may keep the names of jury members confidential "in any case where the interests of justice so require." *28 U.S.C. § 1863(b)(7)*. The Sixth Circuit has established that "[t]he decision to empanel an anonymous jury is within the sound discretion of the trial court." *United States v. Lawson, 535 F.3d 434, 439 (6th Cir. 2008)*. In *United States v. Talley, 164 F.3d 989 (6th Cir. 1999)*, the Sixth Circuit explained that:

> The anonymity of the jury should be preserved in cases: 1) with very dangerous persons who were participants in large scale organized crime, and who participated in mob-style killings and had previously attempted to interfere with the judicial process; 2) where defendants have had a history of attempted jury

Case 2:23-mc-51499-MFL ECF No. 1-2, PageID.33 Filed 10/13/23 Page 2 of 5

Page 2 of 5

United States v. Peterson, 2022 U.S. Dist. LEXIS 189070

tampering and serious criminal records; or 3) where there have been allegations of dangerous and unscrupulous conduct by the defendant, coupled with extensive pretrial publicity.

Id. at 1001-02. The court "look[s] to the totality of the circumstances" when determining whether the use of an anonymous jury is appropriate. United States v. Koubriti, 252 F. Supp. 2d 418, 421 (E.D. Mich. 2003) (Rosen, J.) (citing United States v. Branch, 91 F.3d 699, 724 (5th Cir.1996)).

Defendant argues that the Government has not meet its burden of showing the need for a semi-anonymous jury. He asserts that "there is no evidence that [he] has ever interfered with any prior judicial process or has intimidated witnesses [*3] or government personnel," or "that [he] has threated to do so or that it is likely to happen." (ECF No. 321, PageID.2602.) That would indicate the absence of the second situation described in Talley, but it does not by itself require the court to deny the Government's motion. Indeed, the court can properly exercise its discretion and conclude that the presence of the other factors allows for the empaneling of an anonymous jury. Talley, 164 F.3d at 1002.

Here, the Government shows that the other situations described in Talley are applicable to this case. The indictment portrays Defendant as the leader of an extensive and belligerent criminal gang that engaged in numerous acts of violence, obstruction of justice, and witness tampering. (ECF No. 216.) The Government posits that Defendant's underlings have engaged in attempted witness intimidation, threats on social media, and dissemination of individuals' names that they believe are cooperating with law enforcement. (ECF No. 307, PageID.2464.) Here, "the paradigmatic situation justifying an anonymous jury is an organized crime trial, where the safety of the jurors becomes an overriding concern." Koubriti, 252 F. Supp. 2d at 421. Furthermore, the allegations of "dangerous and unscrupulous conduct" by Defendant [*4] and his gang members conjoined with pretrial publicity are sufficient to warrant concern. Although pre-trial media attention may not be overwhelming, local news outlets have reported on this case. Any potential for prejudicial effect of pretrial and mid-trial publicity will be minimized by jury anonymity. Additionally, Defendant would face lengthy incarceration, *i.e.*, life. This increases the likelihood that Defendants might resort to extreme measures to influence the outcome of his trials. See United States v. Deitz, 577 F.3d 672, 685 (6th Cir. 2009) (citing United State v. Ochoa-Vasquez, 428 F3d 1015, 1035 (11th Cir. 2005)) (considering that a defendant faced "a lengthy sentence" in its analysis of whether a district court properly employed an anonymous jury). All of these factors indicate that semi-anonymity is appropriate as a safety precaution and to avoid interference with the jury's ability to function.

The parties make some additional requests in their briefings. First, the Government requests that the court prohibit the parties from conducting out-of-court investigations into potential jurors or monitoring their social media. (ECF No. 307, PageID.2467.) With no objection from Defendant (ECF No. 321), the court finds this request well-taken. On the other hand, Defendant has requested a "meaningful [*5] voir dire with complement of an extensive juror questionnaire" by counsel. (*Id.*, PageID.2603.) It is the court's practice to conduct voir dire itself (not by attorneys), and it fully intends to do so meaningfully with careful consideration of the juror questionnaire proposed by both parties.

In short, the court will order the empanelment of a semi-anonymous jury panel, with potential jurors' identities made known only to counsel. Both parties are also prohibited from conducting out-of-court investigations into potential jurors or monitoring their social media.

**B. Defendant's Motion for Rule 17 Subpoena**

Federal Rule of Criminal Procedure 17(c) allows a

Case 2:23-mc-51499-MFL   ECF No. 1-2, PageID.34   Filed 10/13/23   Page 3 of 5

Page 3 of 5

United States v. Peterson, 2022 U.S. Dist. LEXIS 189070

party to request the court's issuance of a subpoena duces tecum for the production of documents in court prior to trial for inspection by the parties and their attorneys. Fed. R. Crim. P. 17(c). This rule is not meant to expand the scope of discovery in criminal cases. United States v. Nixon, 418 U.S. 683, 698-99, 94 S. Ct. 3090, 41 L. Ed. 2d 1039 (1974) ("[C]ourts must be careful that Rule 17(c) is not turned into a broad discovery device, thereby undercutting the strict limitation of discovery in criminal cases found in Fed. R. Crim. P. 16."); United States v. Llanez-Garcia, 735 F.3d 483, 494 (6th Cir. 2013) ("Rule 17(c) is not meant to provide an additional way to secure pretrial discovery."). Nor does it "provide a broad right to discovery for criminal defendants. There is no general constitutional [*6] right to discovery in criminal cases." United States v. Reid, No. 10-20596, 2011 U.S. Dist. LEXIS 123554, 2011 WL 5075661, at *3 (E.D. Mich. Oct. 26, 2011) (Roberts, J.) (citing Weatherford v. Bursey, 429 U.S. 545, 559, 97 S. Ct. 837, 51 L. Ed. 2d 30 (1977)).

The movant for a Rule 17 subpoena - here, Defendant - must show four elements:

> (1) the documents are evidentiary and relevant; (2) they are not otherwise procurable, with due diligence, in advance of trial; (3) the party cannot properly prepare for trial without such production and inspection in advance of trial; and (4) the application was made in good faith and is not intended as a fishing expedition.

United States v. Nixon, 418 U.S. 683, 699-700, 94 S. Ct. 3090, 41 L. Ed. 2d 1039 (1974). Further, "a subpoena duces tecum has additional requirements of 'relevance, admissibility[,] and specificity.'" In re Sittenfeld, No. 22-3694, 49 F.4th 1061, 2022 U.S. App. LEXIS 26700, 2022 WL 4392670, at *11 (6th Cir. Sept. 23, 2022) (quoting United States v. Hughes, 895 F.2d 1135, 1145-46 (6th Cir. 1990)); see also Nixon, 418 U.S. at 700. The decision whether to issue a subpoena under Rule 17(c) rests within the sound discretion of the trial court. Reid, 2011 U.S. Dist. LEXIS 123554, 2011 WL 5075661, at *3 (citing Nixon, 418 U.S. at 702).[1]

Defendant fails to satisfy the Nixon test. His requests for "all" items, not limited to any reasonable period of time or with any reasonable precision of the subjects to which the documents relate (in the case of Request 1), are overly broad. See, United States v. Mills, No. 16-CR-20460, 2019 U.S. Dist. LEXIS 173, 2019 WL 76869, at *5 (E.D. Mich. Jan. 2, 2019) (Goldsmith, J.) (citing cases). The specificity requirement also fails because the requests are based merely on Defendant's or his counsel's hope or speculation that something useful will turn up. Id.; see also United States v. Cooper, No. 08-20464, 2009 U.S. Dist. LEXIS 40751, 2009 WL 1384145, at *7 (E.D. Mich. May 14, 2009) (Cook, [*7] J.) (rejecting a subpoena request based on mere belief that more documents may exist); United States v. Raheja, No. 1:19-CR-559-4, 2022 U.S. Dist. LEXIS 129060, 2022 WL 2870902, at *5 (N.D. Ohio July 20, 2022) (declining to issue a proposed subpoena when the requests therein "are not narrowly tailored to obtain specific documents but are design to discover whether relevant document exist") (citing cases); United States v. Caro, 597 F.3d 608, 620 (4th Cir. 2010) ("[T]he hope of obtaining favorable evidence does not justify the issuance of [a Rule 17(c)] subpoena," especially when the movant "can only speculate as to what the requested information would have shown"); United States v. Morris, 287 F.3d 985, 991 (10th Cir. 2002) (affirming denial of Rule 17(c) subpoena because "[n]ot only is [the

---

[1] Defendant challenges the Government's standing to oppose to his motion for Rule 17 subpoena. But see United States v. Tutt, No. 13-CR-20396, 2013 U.S. Dist. LEXIS 127971, 2013 WL 4803486, at *2 (E.D. Mich. Sept. 9, 2013) (Drain, J.) (concluding that "when Rule 17(c) is used to obtain documentary evidence in advance of trial, the application should be reviewable by all parties to the proceedings" as "[w]ithout a response from the Government, the Court will have difficulty assessing whether Defendant has made the requisite showing under Nixon for the production of the requested evidence"). In any case, "[b]ecause it is the responsibility of the [c]ourt 'to ensure that a subpoena secured under Rule 17(c) is for a proper purpose,'... the [c]ourt does not need any assistance from the opposing party in applying the Nixon test." Mills, 2019 U.S. Dist. LEXIS 173, 2019 WL 76869, at *4.

Case 2:23-mc-51499-MFL   ECF No. 1-2, PageID.35   Filed 10/13/23   Page 4 of 5

United States v. Peterson, 2022 U.S. Dist. LEXIS 189070

defendant] unable to specify what the items he requests contain, he is also unable to verify whether the requested material even exists"); *United States v. Hang*, 75 F.3d 1275, 1283 (8th Cir. 1996) (stating that "a Rule 17 subpoena cannot properly be issued upon a 'mere hope'"). Simply put, Defendant's requests - made with the hope of discovering additional information beyond what the Government has relied upon in its indictment and already provided to Defendant—amounts to "a quintessential fishing expedition." *Mills*, 2019 U.S. Dist. LEXIS 173, 2019 WL 76869, at *5.

Defendant's proffered need beyond mere hope of finding more documents also does not justify the issuance of Rule 17(c) subpoena. Specifically, Defendant claims that he [*8] would use the intergovernmental agencies' communications regarding his FOIA requests, if they exist,[2] for impeachment purpose. (ECF No. 316, PageID.2564.) But *Nixon* made clear that "[g]enerally, the need for evidence to impeach witnesses is insufficient to require its production in advance of trial." *Nixon*, 418 U.S. at 701. Federal courts have consistently held "that Rule 17(c) subpoenas should not be used to obtain, before trial, materials to be used for impeachment purposes." *United States v. Jenkins*, 895 F. Supp. 1389, 1393-94 (D. Haw. 1995) (citing *United States v. Fields*, 663 F.2d 880, 881 (9th Cir. 1981)); accord *United States v. Cherry*, 876 F. Supp. 547, 553 (S.D.N.Y. 1995) ("Courts have consistently interpreted the admissibility standard of Rule 17(c) to preclude production of materials whose evidentiary use is limited to impeachment.").

Accordingly, the court will deny Defendant's motion for a Rule 17 subpoena.

## C. Defendant's Motion for Adjournment of Trial Date

The court has significant discretion in deciding continuance requests. *Franklin v. Bradshaw*, 695 F.3d 439, 452 (6th Cir. 2012) (citing *Morris v. Slappy*, 461 U.S. 1, 103 S. Ct. 1610, 75 L. Ed. 2d 610(1983)). "'The denial of a defendant's motion for a continuance amounts to a constitutional violation only if there is an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay.'" *Id.* (quoting *United States v. King*, 127 F.3d 483, 486-87 (6th Cir. 1997)) (citing *Morris*, 461 U.S. at 11-12). "'There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer [*9] must be found in the circumstances present in every case, *particularly in the reasons presented to the trial judge at the time the request is denied*.'" *Id.* at 452-53 (quoting *Ungar v. Sarafite*, 376 U.S. 575, 589, 84 S. Ct. 841, 11 L. Ed. 2d 921 (1964)).

Trial for this years-old matter has been adjourned several times, the last of which resulted in the parties' June 1, 2022 stipulation to begin trial on November 15, 2022. (ECF No. 219.) The justifications for the previous continuances include the need for additional time for distribution and review of discovery materials. (*See e.g., id*, PageID.1241.) Defense counsel now claims that outstanding discovery issues and the need to review voluminous materials and prepare for trial warrant another adjournment to mid-April 2023. (ECF No. 313.)

However, the outstanding discovery issues have largely been resolved as of October 13, 2022. With the court's denial of Defendant's motion for Rule 17 subpoena, *supra*, the defense has received all the discovery in this case (many of which were produced multiple times before).[3] Regarding trial

---

[2] Again, nothing indicates that this kind of communications even exists. Defendant relies on the City of Detroit's response to his first FOIA requests to insinuate that "someone from the federal government has interfered with the production of the FOIAed items." (ECF No 325, PageID.2722.) As the court indicated during the October 13 hearing, Defendant's interpretation of the response is misplaced.

[3] Contrary to Defendant's assertions, the court finds no discovery violation by the Government.

Case 2:23-mc-51499-MFL   ECF No. 1-2, PageID.36   Filed 10/13/23   Page 5 of 5

Page 5 of 5

United States v. Peterson, 2022 U.S. Dist. LEXIS 189070

preparation, two very capable attorneys zealously represent Defendant in this case, they have cleared their schedules to prepare for trial, and they are assisted by a discovery specialist who seems to be just [*10] as proficient. The tasks associated with the alleged recently furnished materials and expert[4] can realistically be completed by the scheduled trial date.[5] Additionally, the Government has expressed its willingness to make accommodations that would be helpful to the defense's trial preparation. These include: (1) providing *Jencks* materials,[6] exhibit and witness lists, and the order of calling witnesses 30 days before trial; (2) offering stipulations to eliminate the need for extraneous witnesses; and (3) specifying which parts of Defendant's jail calls it intend to use. In short, denying a continuance would not deprive Defendant of reasonable time for effective preparation for trial. *18 U.S.C. § 3161(h)(7)(B)(iv)*. On the other hand, an additional months-long continuance would cause prejudice to the prosecution and create difficulties for the court based on its other scheduling needs, and it would frustrate the public interest in the prompt and efficient administration of justice.

Accordingly, Defendant's motion to adjourn trial date is denied.

## II. CONCLUSION

IT IS ORDERED that "Government's Motion to Empanel a Semi-Anonymous Jury" (ECF No. 307) is GRANTED. Counsel for the parties must meet and confer to provide the court [*11] with an operational plan of jury empanelment (including a neutral and non-prejudicial explanation to the jurors so that they refrain from presuming anonymity is necessary due to Defendant's character and a proposed joint juror voir dire questionnaire) at least a week before trial.

IT IS FURTHER ORDERED that "Defendant's Motion for Adjournment of Trial Date" (ECF No.313), and "Defendant Duane Peterson's Emergency Motion for *Rule 17* Subpoena" (ECF No. 316) are DENIED.

/s/ Robert H. Cleland

ROBERT H. CLELAND

UNITED STATES DISTRICT JUDGE

Dated: October 17, 2022

**End of Document**

---

[4] While defense counsel represented to the court at the hearing that it would take the service provider a month to perform the work, Defendant's recent motion to approve budget indicated that the number of hours for the provider's service is 50. In any case, there is at least a month for the service provider to complete the task.

[5] If defense counsel needs additional support services to help with the tasks (e.g., paralegals, legal assistants), they can make requests to the court.

[6] See *United States v. Fletcher, 295 F. App'x 749, 753 (6th Cir. 2008)* ("[A]ny [*Jencks Act*] materials disclosed prior to trial exceeded the government's obligation under the Act.").